IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02160-BNB

JOHN A. CLAICE,

     Plaintiff,

v.

JOE ORTIZ, DOC Director for Colorado,
WARDEN REED, CSP Warden,
SARGENT ENGLE, CSP Maintenance Sargent,
LT. PRYOR, LT. CH-6, CSP,
MAJOR WAIDE, SCF Major of Security,
WARDEN MILYARD, SCF Warden, and
CAPT. GIBSON, SCF Ad. Seg. Capt.,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, John A. Claice, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Colorado State Penitentiary in Cañon City when he initiated this action. Mr. Claice since has notified the Court that he is confined at the San Carlos Correctional Facility in Pueblo, Colorado. He has filed **pro se** an amended civil rights complaint for injunctive relief and money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). Mr. Claice has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

On November 26, 2007, Magistrate Judge Boyd N. Boland granted Mr. Claice a final, thirty-day extension of time in which to file a second amended complaint. Mr.

Claice did not within the time allowed submit a second amended complaint. The Court must construe the amended complaint liberally because Mr. Claice is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Claice will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). In order for Mr. Claice "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a

2

short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Claice's claims appears to be simple but he buries them in a complaint that is verbose. The complaint, therefore, does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Claice alleges that he is a sex offender; that from December 2005 to the present other inmates have harassed him for being a sex offender by putting urine and feces into his fresh-air vent; that prison officials have responded to his efforts to block off his fresh-air vent and to his complaints of harassment by relocating him and charging him with the disciplinary offense of causing a facility disruption; and that as a result of his conviction on disciplinary charges, he has lost good-time credits and telephone, visiting, and canteen privileges. On the basis of these allegations, he contends that he has been subjected to cruel and unusual punishment; that he has been retaliated against; that his due process and privacy rights have been violated; and that prison officials are failing to protect him.

Instead of focusing on submitting an amended complaint that clearly asserts his claims, Mr. Claice has scattered his efforts and barraged the Court with motions for the appointment of counsel to represent him, for orders of protection, for blood-urine analysis, for transfer, for investigation, for a Court-ordered subpoena, and for a federal

3

criminal investigation, most of which make allegations similar to those asserted in the amended complaint.

In the amended complaint itself, Mr. Claice fails to summarize each claim succinctly in the spaces allowed on the Prisoner Complaint form, and instead repeats his allegations over and over in Section C. Nature of the Case and in the six asserted claims. He apparently expects the defendants and the Court to sift through and piece together the allegations asserted in the complaint and in its attachments, and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Claice's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Claice must consolidate, simply and concisely in a well-written and well-organized document, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Claice should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. He must allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Claice must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Claice may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Claice uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Claice should be given an opportunity to file a second amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Claice file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled, "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Claice, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

5

FURTHER ORDERED that Mr. Claice submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Claice fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that any pending motions are denied as premature.

DATED January 10, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02160-BNB

John Claice
Prisoner No. 105782
CMHIP
1600 W. 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _1/10/08_

GREGORY C. LANGHAM, CLERK

By:_____
           Deputy Clerk